Casey, Ch. J.,
delivered the opinion of the- court:
In 1856 the claimant brought suit in this court to recover certain rent alleged to be due him on a lease, made by Daniel Saffarans to the United States. On the trial of that case, the claimant failed to prove any such transfer of the premises to him by Saffarans, or of the lease, as would enable him to sustain a suit thereon against the United States. And this court *89 so decided, and reported the same to Congress, it being before tbe reorganization of this court. The case was pending for some years before Congress, when, at the instance of claimant, they-passed the following joint resolution:
“Whereas Alexander Cross heretofore filed his petition in the Court of Claims of the United States, praying relief on account of certain rents alleged to be due from the United States to him as assignee of one Daniel Saffarans, by virtue of a certain alleged contract of lease between the said Daniel Saf-farans (who is now deceased) and the United States; and whereas the said Court of Claims, on the twenty-fourth of January, eighteen hundred and fifty-nine, rendered a decision adverse to the prayer of said petition, on the sole ground of an alleged technical defect" in the assignment of said lease from the said Daniel Saffarans to the said petitioner: Now,. therefore,
“ Be it resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That the said canse be remanded to said Court of Claims for a further hearing, upon the testimony heretofore filed herein, and such further testimony as either party may take and file pursuant to the rules of said court; and if, upon the further hearing of said cause, it shall appear that the said petitioner is the equitable owner of said lease, and in justice and equity entitled to the rents (if any) due thereon from the United States, the said court shall bo authorized to render judgment therefor in his favor, notwithstanding any technical defect in the assignment of said lease: Provided, that no money shall be paid' out of the treasury upon any judgment which may be rendered in favor of the petitioner in said cause, until he shall have filed with the Secretary of the Treasury a bond, with ample security, in such sum as will fully indemnify the United States against any demand which may be set up and established by or on behalf of the heirs or representatives of the said Daniel Saffarans, deceased, under or by virtue of said contract or lease? Approved July 2,1864.
The case was thereupon returned to the Court of Claims, and a new or supplemental petition filed by claimant, iii July, 1864. The case was tried at October term, 1865. There was found, due to the claimant the sum of $58,500, and from which was deducted certain credits amounting to $14,892 37, leaving a *90 balance due to Gross, the claimant, of $43,607 63, and for the latter sum judgment was entered in his favor. This judgment has been paid and satisfied by the United States. The facts of the case are fully stated in the opinion of Judge Loring, on the second trial in this corirt, and reported in 1 C. Gis. B., 347.
The claim allowed in that case was for rent of the premises from the 13th August, 1853, to November 14,1856, being for the monthly rent due up to the bringing of the first suit in the Court of Claims. This suit is now prosecuted for the balance of the rents, from the 14th November, 1856, up to the 14th January, 1861, at $1,500, amounting to the sum of $75,000, with some credits, reducing it to about $70,000. Without the-joint resolution it is clear the claimant could not maintain this suit, and the question that meets us at the very threshold of the case is whether the- demand can be sustained under and in virtue of it. That joint resolution was passed by Congress after the Court of Claims had decided that the claimant had failed to show such legal interest in the lease set up as to enable him to sue upon it. The specific object and intention of the resolution was to do away with that finding and send the cause back to the court to be tried over, divested of the technical objection by which he had been defeated on the former trial. The question we are to decide now is whether this joint resolution can be made to apply to any other than the cause then remanded and to be tried. The claimant's counsel contends that the true interpretation of the resolution is that it removed all legal bar to his maintenance of any action upon the lease, and that it applies, therefore, to this case as well as the former action. In this view a majority of the court do not concur. We think it is clear, from the plain and express language of the enactment, that it was not to have any operation and effect beyond the case to which it was made specially to relate. The preamble recites the bringing of the suit in the Court of Claims, praying relief on account of certain rents alleged to be due, &c., on a certain lease. It then further recites that the court, on January 24, 1859, rendered a decision in tbe case adverse to the claimant, and on the sole ground of an alleged technical defect in the assignment of the lease. The enacting clause then provided “ that the said cause be remanded to said Court of Claims for a further hearing.” “And if, upon the further hearing of said cause, it shall appear that he is the equitable owner of the lease,” &c., *91 u the said court shall be authorized to render a judgment in Ms favor.” A proviso is appended tliat no money shall be paid “on any judgment which may be rendered in said cause” until he shall have given a bond to indemnify the Duited States against any claim made oh behalf of the heirs'or legal representatives of Daniel Saffarans, deceased.
When that cause was remanded, a new petition filed, a new trial had and a judgment rendered in the case, the bond of indemnity filed, and the money paid to the claimant, the whole purpose and scope of the enactment had been fulfilled. All the power and authority conferred upon the court by it had been exhausted. A careful scanning and consideration of every word and sentence in the resolution will show that there is not one provision in it that can by any acknowledged and known rule of interpretation and construction be made to apply to any other case than the one then remanded. From the first sentence in the preamble, through the enactment, to the last -word of the proviso, it is made to apply wholly and exclusively to this one suit.
And the Supreme Court of the Dnited States, in the case of De Groot v. The United States, (3 Wall, 419,) decide: “When Congress refers a case to the Court of Claims it comes to that court with whatever limitations Congress by its resolution may prescribe ; and the court must accept the resolution as the law of that case.”
Can we extend its meaning by presuming that it was the intention of Congress to make it applicable to any other suits upon the same lease? I admit that, if suck was the clear intention of Congress in the enactment, we are to so construe and apply it. But how are we to ascertain that intention? We can only judge of what they meant by what they have said; and where the language used is plain, direct, and explicit, there is no room for any conjectural interpretation; for where the enactment is neither ambiguous nor obscure, the plain, natural, usual import of the words and phrases present the surest and safest index of the will of the legislature.
From the best consideration we have been able to give this case, a majority of the court are of opinion that this joint resolution, in its terms, purpose, and intent, applied only to the reinstated and remanded case; and that, by the trial, hearing, and judgment in the case, we exhausted all the powers con- *92 ferrecl by it upon us. The ease, therefore, stands in. this court as if no such enactment had ever been made. And the claimant stands without any legal right or title to maintain this action, and must fail in this suit. Aud as this is conclusive against the claimant’s right to maintain the action, it is unnecessary to examine the other matters raised and discussed on the hearing.
The judgment of the court is that the petition be dismissed, and that the defendants go thereof without day.